PIERCE, Judge.
In this case complaint was filed in the Charlotte County Circuit Court by John H. Hunt, Sr., individually and as next friend and parent of John H. Hunt, Jr., a minor, Evelyn A. Hunt, and John IT. Hunt & Co., Inc., a corporation, against Nelson Albert Surette and West Coast Oxygen Service, Inc., a Florida corporation, asking damages as a result of a motor vehicle accident resulting in injuries to Hunt, Sr., his wife, Evelyn, and his son Hunt, Jr., all of whom were passengers in a Cadillac automobile owned by the Hunt corporation and operated by Hunt, Sr., on U.S. Highway 41, otherwise known as the Tamiami Trail, in Charlotte County, at an early morning hour under particularly bad fog-and-smoke-ridden conditions. The Hunts sought damages because of personal injuries incurred, and the Hunt corporation for damages to the Cadillac automobile. Surette was the driver and his corporation, West Coast Oxygen Service, Inc., was the owner of an International truck, which it is alleged had stopped on the highway in the murky atmospheric conditions prevailing, at the *363 time the Hunt automobile crashed into it from behind. Negligence was alleged on the part of Surette in so stopping on the highway and his corporation was joined as defendant because of ownership of the truck.
Surette and his corporation filed joint answer, denying such negligence, alleging the negligence of Hunt as the driver of the Cadillac to be the sole and contributing proximate cause of the accident; and the defendant corporation counterclaimed against Hunt and the Hunt corporation for damages to the truck because of Hunt’s alleged negligence.
The case, containing all the charges and countercharges of negligence aforesaid, was tried to a jury, which, after hearing voluminous testimony, returned verdicts which held in favor of the defendants and against the Hunts on the main case, and after some colloquy with the Court found against Surette’s corporation on its counterclaim.
Motions for new trial and for delayed judgment in their favor was filed by the Hunts, which motions were extensively argued before the Court. The trial Judge thereafter entered order, finding that the verdicts as rendered were susceptible of interpretation on only two theories: (1) that Hunt and Surette, as the drivers of the Cadillac and the truck respectively, were both guilty of negligence, in which event the verdicts against Mrs. Hunt and the minor Hunt child were improper, and (2) that the negligence of Hunt was the sole proximate cause of the accident, in which event the verdict on the counterclaim of Surette’s corporation was improper. Upon such findings, the order concluded that the verdicts as to Mrs. Hunt and the Hunt child, and also the Surette corporation, were contrary to the law and the evidence. The order thereupon adjudged and decreed (1) that Mrs. Hunt and the Hunt child be granted a new trial upon their motion therefor, (2) that as to its counterclaim, Surette’s corporation, West Coast Oxygen Service, Inc., be granted a new trial by the Court ex mero motu, and (3) that Hunt and the Hunt corporation be denied a new trial.
From the foregoing involved state of pleading and procedure, Surette and his corporation have appealed to this Court, assigning as error the entry of the Court’s order granting and denying new trials as aforesaid, and also the giving and denial of certain requested instructions.
We have read through the entire voluminous record and the excellent briefs of the parties. In our opinion, the able trial Judge made a fair and logical analysis of the verdicts of the jury in the light of the issues developed by the pleadings and the testimony at the three-day trial, and arrived at a reasonable solution of the complicated legal situation confronting him. We are of the further view that it would serve no good purpose to further burden this opinion with an elaborate discussion of the case, especially in view of the fact that there will be a new trial of at least some of the major aspects of the case, and also because the possibility of the same or similar facts occurring again are quite remote. Suffice to say that we approve the action of the trial Judge and find no reversible error in the record.
Accordingly the order of the lower Court appealed from is—
Affirmed.
SHANNON, Acting C. J., and MAXWELL, OLIVER C., Associate Judge, concur.